■ LISA FREIHOFNER, Respondent, v GREGORY FREIHOFNER, Appellant. [831 NYS2d 733]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered January 6, 2006, as, upon reargument, granted that branch of his motion which was for a retroactive downward modification of his child support obligation only to the extent of reducing his monthly child support obligation to the sum of $1,758.62, and directing that the downward modification was retroactive only to May 31, 2005.

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a supplemental judgment of the Supreme Court, Westchester County (Montagnino, Ct Atty Ref), entered June 5, 2006, which, after a nonjury trial, inter alia, valued his enhanced earning capacity at the sum of $1,000,000.

Ordered that the supplemental judgment is affirmed insofar as appealed from, with costs.

The Court Attorney Referee (hereinafter the Referee) providently exercised his discretion in valuing the defendant's enhanced earning capacity which, under the circumstances, constituted a marital asset that was subject to equitable distribution (*see McSparron v McSparron*, 87 NY2d 275, 281-282 [1995]; *O'Brien v O'Brien*, 66 NY2d 576, 583-589 [1985]), at the sum of $1,000,000. Furthermore, contrary to the defendant's contention, the Referee did not misconstrue the terms of the parties' stipulation dated June 27, 2003, in valuing the defendant's enhanced earning capacity (*see Torres v Livorno Rest. Corp.*, 221 AD2d 197 [1995]).

The defendant's remaining contentions are without merit. Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.